David G. Barker (#024657)
Emily R. Parker (#036286)
SNELL & WILMER L.L.P.
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: dbarker@swlaw.com
       eparker@swlaw.com

Anna Naydonov (*pro hac vice* forthcoming)
WHITE & CASE L.L.P.
701 Thirteenth Street Northwest
Washington, D.C. 20005-3807
Telephone: 202.626.3600
Facsimile: 202.639.9355
E-Mail: anna.naydonov@whitecase.com

David Okano (*pro hac vice* forthcoming)
WHITE & CASE L.L.P.
2 Palo Alto Square,
Suite 900
3000 El Camino Real
Palo Alto, California 94306-2109
Telephone: 650.213.0300
Facsimile: 650.213.8158
E-Mail: david.okano@whitecase.com

Nathan Swire (*pro hac vice* forthcoming)
WHITE & CASE L.L.P.
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-819-8200
Facsimile: 212.354.8113
E-Mail: nathan.swire@whitecase.com

Attorneys for Plaintiff Whaleco Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Whaleco Inc., a Delaware company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Temuapp.me, a domain name;<br>Temuapp.space, a domain name, and Does 1-20, unknown individuals,<br><br>　　　　Defendant. | No.<br><br>**PLAINTIFF WHALECO INC.'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Whaleco Inc. ("Whaleco" or "Plaintiff") brings this Complaint against the domain names Temuapp.me and Temuapp.space (collectively, the "Infringing Domain Names") and Does 1–20 (collectively, the "Defendants"), and alleges, upon information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action for cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), for infringement of Whaleco's federally registered trademarks under

Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), all arising from Defendants' unlawful registration and use of the Infringing Domain Names, which are confusingly similar to Whaleco's marks.

2. Plaintiff Whaleco Inc., d/b/a TEMU, launched a new online shopping platform in the United States on September 1, 2022. Does 1-20 identified the TEMU platform as an attractive target and have created and registered domain names that are confusingly similar to the TEMU platform's domain name. The resulting Infringing Domain Names and associated websites divert customers from the legitimate TEMU online shopping platform to Defendants' unrelated websites, harming consumers by misleading them as to the source of the Infringing Domain Names and creating the false impression that the websites are associated with and/or endorsed by Temu. The website operators attempt to profit from this harm by diverting web traffic and harvesting valuable personal data of consumers interested in Temu or the Temu application.

3. Whaleco has been unable through due diligence to identify the individuals and/or entities who created and registered the Infringing Domain Names. The owners of the Infringing Domain Names have taken steps to conceal their true identities from public searches through use of privacy services.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. Whaleco has been injured by the Infringing Domain Names, property owned by Defendants who are absentee owners. The exercise of personal jurisdiction over Defendants is proper because Defendants are foreign persons and/or entities who have availed themselves of this jurisdiction by registering the Infringing Domain Names with a domain name registrar, Spaceship, Inc. ("Spaceship"), located in this judicial district, with

such registrations constituting acts of trademark infringement.

6. Further, by registering the Infringing Domain Names with Spaceship, the Defendants consented to the jurisdiction of this Court, agreeing to "submit without objection . . . to the subject matter and personal jurisdiction of the courts . . . (ii) where [Spaceship is] located, currently those State or federal courts whose geographic districts include Maricopa County, State of Arizona." Section 29 of Spaceship's Domain Registration Agreement, *available at* https://www.spaceship.com/legal/domain-registration-agreement/ and attached as Exhibit 1.

7. Spaceship is owned by the domain registrar Namecheap,[1] which provides identical terms of service with respect to consent to jurisdiction in this District.[2] A Court in this District has previously exercised jurisdiction over domain names registered with Namecheap.[3]

8. This Court also has *in rem* jurisdiction over the Infringing Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A). Whaleco, through due diligence, has been unable to identify the individuals and/or entities who created and registered the Infringing Domain Names because the identity of the registrants is concealed by a privacy service. 15 U.S.C. § 1125(d)(2)(A)(ii)(II). Under 15 U.S.C. § 1125(d)(2)(C)(i), the Infringing Domain Names are deemed to have their situs in the judicial district where the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. The Infringing Domain Names have been registered with a domain registrar in this district.

---

[1] Press Release, Namecheap, *Namecheap Officially Reveals Plans for Spaceship - Its Next-Generation Domain Registration & Web Services Platform* (Aug. 16, 2023), https://www.prnewswire.com/news-releases/namecheap-officially-reveals-plans-for-spaceship--its-next-generation-domain-registration--web-services-platform-301903001.html.

[2] *See* Section 29 of Namecheap's Registration Agreement, available at https://www.namecheap.com/legal/domains/registration-agreement/.

[3] *See* Temporary Restraining Order, *Whaleco Inc. v. Temureviewer.com et al.*, No. 23-cv-02451-PHX-MTL, ECF No. 14 (D. Ariz. Dec. 1, 2023).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this district due to the location of Spaceship—the registrar of the Infringing Domain Names—in this judicial district, and pursuant to 15 U.S.C. § 1125(d)(2) because Spaceship—and the property forming the basis of *in rem* jurisdiction for the Infringing Domain Names—is located in this judicial district.

10. Upon information and belief, joinder of the Infringing Domain Names is proper under Rule 20(a)(2) of the Federal Rules of Civil Procedure ("Rules") because the trademark claims set forth herein appear to arise out of the same series of transactions and the same questions of law are common to both of the Infringing Domain Names. The WHOIS page for each of the Infringing Domain Names lists the same domain registrar (Spaceship), the same privacy service ("Withheld for Privacy ehf"), and the two Infringing Domain Names appear to have originated in the same country (Iceland). Attached hereto as Exhibits 2 and 3 are true and correct copies of WHOIS page for each of the Infringing Domain Names as of December 5, 2023. Additionally, the two Infringing Domain Names are nearly identical, and the corresponding websites have the same look and feel.

**PARTIES**

11. Plaintiff Whaleco Inc. (d/b/a TEMU) is a Delaware corporation with its principal place of business in Boston, Massachusetts.

12. Defendant Doe 1 is an individual or entity whose identity, name, and address are currently unknown. Doe 1 is the registrant, creator, and/or operator of the following Domain Name: < Temuapp.me >, registered with Spaceship.

13. Defendant Doe 2 is an individual or entity whose identity, name, and address are currently unknown. Doe 2 is the registrant, creator, and/or operator of the following Domain Name: < Temuapp.space >, registered with Spaceship.

14. Does 1 through 20 are individuals or corporations of unknown residence and citizenship. Whaleco does not know any of the Does' identities or locations at this time and has been unable to discover them through reasonable due diligence.

15.     The true names and capabilities of the Defendants named herein as Does 1 through 20, whether individual, corporate, associate or otherwise, are unknown to Whaleco, resulting in Whaleco suing these defendants under fictitious names. Based on information and belief, each Doe defendant is the actual person or entity involved with the acquisition, ownership, or use of the Infringing Domain Names. Based on further information and belief, each Doe defendant is legally responsible for the actions herein alleged, and the proximate cause of injury and damages sustained by Whaleco as herein alleged. Whaleco will seek leave to amend this Complaint when the true names and capacities of the Doe defendants are known.

<b>FACTUAL ALLEGATIONS</b>

**A.   Whaleco's Use of the TEMU Marks.**

16.     Whaleco, d/b/a/ TEMU, operates an online shopping platform ("TEMU.COM" or the "Platform") accessible through a website (https://temu.com) and a mobile application. The mobile application is available through the Apple App Store and the Google Play Store.

17.     TEMU.COM launched in the United States on September 1, 2022. It quickly became the most downloaded e-commerce app for the fourth quarter of 2022.[4] TEMU.COM's rapid rise is credited to its "innovative ecommerce combination of online shopping and entertainment known as 'discovery-based shopping.'"[5]

18.     TEMU.COM is an online marketplace that connects consumers with sellers, manufacturers, and brands around the world. The Platform strives to continually offer the most affordable quality products to create an inclusive environment for consumers and sellers. The Platform protects customers by providing trust and safety services, including protecting consumers' personal and payment information.

---

[4] Juozas Kaziukenas, *TEMU is Most-Downloaded Shopping App in the US,* Marketplace Pulse (Oct. 20, 2022), https://www.marketplacepulse.com/articles/temu-is-most-downloaded-shopping-app-in-the-us.
[5] Grit Daily, *Why Everyone Is Raving About TEMU* (Jan. 19, 2023), https://gritdaily.com/why-everyone-is-raving-about-temu.

19. Since the Platform went live on September 1, 2022, Whaleco has used the "TEMU" trademark and logo to identify the Platform.

20. Whaleco, through Five Bells Limited, is the exclusive licensee of the following valid and subsisting common law and registered marks and has used them extensively in U.S. commerce.

    a. United States Trademark Registration. No. 7,164,306 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for the word mark TEMU (hereinafter the "TEMU Word Mark") for "Provision of an online marketplace for buyers and sellers of goods and services." Attached as Exhibit 4 is a true and correct copy of the registration certificate for United States Trademark Registration No. 7,164,306, which was issued by the USPTO on September 12, 2023.

    b. United States Trademark Registration. No. 7,145,476 on the Principal Register in the USPTO for the TEMU logo mark (hereinafter the "TEMU Logo Mark") for "Provision of an online marketplace for buyers and sellers of goods and services." Attached as Exhibit 5 is a true and correct copy of the registration certificate for United States Trademark Registration No. 7,145,476, which was issued by the USPTO on August 22, 2023.



21. The TEMU Word Mark, TEMU Logo Mark, and the common law marks are collectively referred to herein as the "TEMU Marks."

22. Whaleco has continuously used the TEMU Marks in commerce throughout the United States since September 1, 2022, in connection with the provision of an ecommerce platform available online and through mobile applications, through which

1  consumers can purchase a variety of goods.  Attached as Exhibit 6 are screen captures of representative samples of the website and mobile applications showing Whaleco's use of the TEMU Marks in connection with the provision of an online marketplace.



23.    The TEMU Logo Mark is used in the upper, left-hand corner of the TEMU.COM platform.



24.    As a result of its widespread, continuous, and exclusive use of the TEMU Marks to identify its ecommerce platform and Whaleco as its source, Whaleco owns valid and subsisting federal statutory and common law rights to the TEMU Marks.  Whaleco owned these rights prior to the Defendants' use of the Infringing Domain Names.

25.    The TEMU Marks are distinctive to both the consuming public and in Whaleco's trade.

26. Whaleco has expended substantial time, money, and resources marketing, advertising, and promoting TEMU.COM under the TEMU Marks, including through Whaleco's marketing, advertising, and promotional efforts, and channels for the purchase of goods under its mark.

27. Whaleco has invested substantial resources into the Platform infrastructure and in curating the sellers who transact business on the Platform. For example, Whaleco spends significant resources screening sellers to provide consumers with a shopping experience that is high in quality.

28. Whaleco also continuously budgets for significant expenditures on marketing and development of the brand. The success of the Platform is driven by traffic to the Platform. Heavy traffic to the Platform attracts higher quality sellers which in turn attracts more consumers. To increase traffic to TEMU.COM, Whaleco dedicates significant resources to advertising, such as a Super Bowl commercial where it used its famous "Shop like a billionaire" phrase and countless other online promotions and campaigns.[6]




29. Customers have also begun to identify TEMU through the vibrant orange hue used for TEMU Marks and on TEMU packaging. Social media influencers have honed in on the orange packaging as a TEMU identifier, commenting on Temu's orange bag during their "unboxing" videos posted to social media.[7]

---

[6] Temu, *Temu App Official Big Game Ad | Shop like a Billionaire*, YouTube (Dec. 3, 2023), https://www.youtube.com/watch?v=6dK4txrV6Ds.

[7] Lovesunicorns, TEMU TEMU TEMU haul ..let's do a #2..what in the orange bag??, YouTube (Feb. 6, 2023), https://www.youtube.com/watch?v=F7o7uwpUIzc;   Katrina's

 

30. The Platform has been incredibly successful since its launch in September 2022. In May 2023, there were over 100 million active Temu users in the United States.[8] Whaleco has had substantial sales of goods from the Platform using the TEMU Marks throughout the United States.

31. As a result of their distinctiveness and widespread use and promotion throughout the United States, the TEMU Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and became famous prior to the Defendants' registration and use of the Infringing Domain Names.

32. Whaleco has scrupulously and successfully enforced and protected the TEMU Marks against past infringements and acts of cybersquatting.[9]

B. **The Infringing Domain Names**

33. Upon information and belief, on or about October 11, 2023, Defendant Does registered Temuapp.me and Temuapp.space with the registrar Spaceship. Whaleco was unable through due diligence to ascertain the true name and contact information for Defendant Does because the contact information for Defendant Does is protected by the

---

Graceful Creations, *BEST TEMU FINDS FOR YOUR BUSINESS 1st ORDER MIND BLOWN CRAZY DEALS*, YouTube (Apr. 27, 2023), https://www.youtube.com/watch?v=83D_YcbdCN4.

[8] David Curry, Temu Revenue and Usage Statistics (2023), Business of Aps (Nov. 21, 2023), https://www.businessofapps.com/data/temu-statistics/.

[9] *See, e.g.*, Temporary Restraining Order, *Whaleco Inc. v. Temureviewer.com Et. Al.,* Cause No. CV-23-02451-PHX-MTL, ECF No. 14 (D. Ariz. Dec. 1, 2023); Order Granting Mot. TRO, Cause No. CV-23-02243-PHX-MTL, ECF. No. 13 (D. Ariz. Nov. 3, 2023).

- 9 -

1  privacy service, Withheld for Privacy ehf. The WHOIS records for Temuapp.me and
2  Temuapp.space, as of December 5, 2023, identify Spaceship as the registrar for both, and
3  Withheld for Privacy ehf as the privacy service.

    34. The two domain names resolve to nearly identical websites:

**Temuapp.me**

**Temuapp.space**

    35. These two websites contain content that is identical or confusingly similar to and dilutive of Whaleco's TEMU Marks, which were distinctive and famous when

Defendant Does registered the Infringing Domain Name. Upon information and belief, Defendant Does were aware of Whaleco's rights in the TEMU Marks when they designed these websites and intentionally used the graphics included on the website because of their similarity to the TEMU Marks.

36. Without Whaleco's authorization, after Whaleco acquired protectable exclusive rights in the TEMU Marks, and after the TEMU Marks became famous, Defendant Does posted the live websites at the Infringing Domain Names, which remain active as of the filing of this complaint.

37. The websites contain "TEMU" in both the domain name and in multiple places on the website. Attached hereto as Exhibits 7 and 8 are true and correct screenshots of the two websites as of December 5, 2023. The website uses words that are identical and confusingly similar to the TEMU Word Mark and orange colors resembling that on the TEMU website and on TEMU packaging. These sites seek to replicate aspects of TEMU.COM's "look and feel."

38. The websites prominently display the phrase "Download TEMU App" or "Download TEMU 2023 APP." Both purport to review the Temu application and provide users with guides to downloading and using the applications. Both websites are riddled with spelling and/or grammatical errors, repetitive and clumsy writing, and deceptive hyperlinks that send users to other parts of the infringing websites.

39. On information and belief, these two websites are designed to harvest the valuable personal data of visitors interested in the Temu application for the profit of the websites' operators. Both websites acknowledge in their terms of service that they use cookies to track visitors, which could provide valuable data of individuals interested in the TEMU application. Attached hereto as Exhibits 9 and 10 are true and correct screenshots of the Terms and Conditions pages of the two websites as of December 8, 2023.

40. Upon information and belief, Defendants also stood to financially benefit from online traffic to its platform because sufficiently high traffic would allow Defendant Doe 1 to attract advertisers.

41. Upon information and belief, Defendants have no rights in or to any trademark or name that is similar to the Infringing Domain Names and associated website content and are not known by any names that are similar to the Infringing Domain Names. Upon information and belief, Defendants used the Infringing Domain Names, which are confusingly similar to and dilutive of Whaleco's famous TEMU Marks, to divert internet users looking for the TEMU.COM platform to Defendants' platforms. Upon information and belief, Defendants had no legitimate purpose for registering the Infringing Domain Names or using identifiers identical or confusingly similar to the TEMU Marks and did so only with bad faith intent to profit from the goodwill of the TEMU Marks and from use of the Infringing Domain Names.

42. Upon information and belief, Defendants intended their use of Infringing Domain Names that are confusingly similar to Whaleco's famous and distinctive TEMU Marks to cause consumers to associate the Infringing Domain Names with Whaleco's marks. Because of this similarity, consumers are likely to be confused into believing that Whaleco authorized, approved, or is affiliated or connected with Defendants' websites when that is not the case. This confusion would likely impair the distinctiveness of Whaleco's TEMU Marks and, due to the inferior nature of the content on Defendants' websites, harm Whaleco's reputation.

43. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Whaleco and its valuable reputation and goodwill with the consuming public, for which Whaleco has no adequate remedy at law.

**COUNT I: ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**

**(15 U.S.C. § 1125(D))**

**(As to Temuapp.me and Temuapp.space)**

44. Whaleco incorporates the allegations in the preceding paragraphs as if fully set forth herein.

45. Whaleco owns substantial rights in the TEMU Marks, including common law rights and rights as the exclusive licensee of the TEMU Registration Nos. 7,164,306 and

7,145,476.

46. The TEMU Marks were distinctive and famous at the time the domain names Temuapp.me and Temuapp.space were registered, as shown by TEMU.COM's rapid rise in popularity after its United States launch in September 2022.

47. On information and belief, Defendant Does registered, trafficked in, and/or used the domain names Temuapp.me and Temuapp.space.

48. Temuapp.me and Temuapp.space are nearly identical and confusingly similar to the distinctive and famous TEMU Marks.

49. Defendant Does registered the domain names Temuapp.me and Temuapp.space with a bad faith intent to profit from the confusing similarity between those domain names and the TEMU Marks. On information and belief, Defendants did not obtain a legal right to use the domain names Temuapp.me and Temuapp.space, which they are now using to divert consumers from Whaleco's legitimate website for Defendants' personal gain.

50. Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Whaleco, and to its goodwill and reputation, and will continue to damage Whaleco unless enjoined by this Court. Whaleco has no adequate remedy at law.

51. Whaleco is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, transfer of the domain names Temuapp.me and Temuapp.space to Whaleco or forfeiture or cancellation of Defendants' registrations of Temuapp.me and Temuapp.space.

52. Whaleco has been forced to hire legal counsel to pursue its claims against Defendants and is entitled to reasonable attorneys' fees and costs incurred in prosecuting this action to protect its rights.

53. Whaleco intends to send this complaint as a notice of alleged violations to the registrants of the Infringing Domain Names at the postal and e-mail addresses provided by Defendants to Spaceship, pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(aa).

**COUNT II: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**

**(As to All Defendants)**

54. Whaleco incorporates the allegations in the preceding paragraphs as if fully set forth herein.

55. Due to the similarity of the federally registered TEMU Marks and the Infringing Domain Names, Defendants' unauthorized use of the Infringing Domain Names in commerce in connection with Defendants' websites, and as otherwise alleged herein, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' websites. Consumers are likely to believe, contrary to fact, that Defendants' websites are authorized, endorsed, or sponsored by Whaleco, that the opinions expressed on Defendants' websites are authorized, endorsed or sponsored by Whaleco, or that Defendants are in some way affiliated with or sponsored by Whaleco. Defendants' conduct therefore constitutes infringement of the TEMU Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Whaleco's prior rights in the TEMU Marks and with the willful intent to cause confusion and trade on Whaleco's goodwill.

57. Defendants' conduct is causing immediate and irreparable harm and injury to Whaleco, and to its goodwill and reputation, and will continue to both damage Whaleco and confuse the public unless enjoined by this court. Whaleco has no adequate remedy at law.

58. Whaleco is entitled to, among other relief, injunctive relief, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre- and post-judgment interest.

**COUNT III: FEDERAL UNFAIR COMPETITION (15 US.C. § 1125(A))**

**(As to All Defendants)**

59. Whaleco incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60. Defendants' unauthorized use of the Infringing Domain Names, which is confusingly similar to Whaleco's TEMU Marks, is likely to deceive consumers that Defendants' websites are authorized, endorsed, or sponsored by Whaleco, that the opinions expressed on Defendants' websites are authorized, endorsed, or sponsored by Whaleco, or that Defendants are in some way affiliated with or sponsored by Whaleco.

61. Upon information and belief, Defendants' conduct as alleged herein is intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and Defendants' websites with Whaleco.

62. Defendants' conduct as alleged herein constitutes trademark infringement and false designation of origin/unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. Defendants' conduct is causing immediate and irreparable harm and injury to Whaleco, and to its goodwill and reputation, and will continue to both damage Whaleco and to confuse the public unless enjoined by this Court. Whaleco has no adequate remedy at law.

64. Whaleco is entitled to, among other relief, injunctive relief, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre- and post-judgment interest.

**COUNT IV: TRADEMARK DILUTION (15 U.S.C. § 1125(C))**
**(As to All Defendants)**

65. Whaleco incorporates the allegations in the preceding paragraphs as if fully set forth herein.

66. Whaleco's TEMU Marks are distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

67. Whaleco's TEMU Marks became distinctive and famous prior to the Defendants' registration and use of the Infringing Domain Names.

68. Defendants' use of the Infringing Domain Names and other acts alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the

1  distinctive quality of Whaleco's famous TEMU Marks.

2      69.    Defendants' use of the Infringing Domain Names and acts alleged herein have tarnished and will, unless enjoined, continue to tarnish Whaleco's TEMU Marks, by harming its reputation and undermining and damaging the valuable goodwill associated therewith.

    70.    Defendants' acts as alleged herein are intentional and willful violations of Section 43(c) of the Lanham Act, and have already caused Whaleco irreparable harm and will, unless enjoined, continue to harm Whaleco. Whaleco has no adequate remedy at law.

    71.    Whaleco is entitled to, among other relief, injunctive relief, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre- and post-judgment interest.

**JURY DEMAND**

Pursuant to Rule 38, Whaleco respectfully demands a trial by jury on all issues properly triable by a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Whaleco respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

    a.    An Order declaring that all Defendant Does use of words and logos identical to or confusingly similar to the TEMU Marks violates Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c);

    b.    An Order declaring that Defendant Does' use of the Temuapp.me and Temuapp.space domain names violate Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d));

    c.    For Defendant Does and the Temuapp.me and Temuapp.space domain names, as provided by 15 U.S.C. § 1125(d):

    i.    An order to Spaceship prohibiting the transfer or modification

of the domain name during the pendency of the action, except upon order of the Court;

    ii. An order to Spaceship requiring it to transfer the Temuapp.me and Temuapp.space domain names to Whaleco; and

    iii. An order requiring the registrar of any other domain names registered by the registrants of the Temuapp.me and Temuapp.space domain names that resemble or include the TEMU Marks be replaced with Whaleco's registrar of choice and that such registrar change the registrant to Whaleco;

d. An Order prohibiting Defendants from transferring the Infringing Domain Names for the pendency of this litigation;

e. An Order requiring Spaceship to prevent the transfer of any Infringing Domain Name during the pendency of this action;

f. An Order requiring Spaceship to provide their true and correct ownership information, which has currently been concealed by the Withheld for Privacy ehf privacy service;

g. An Order requiring Withheld for Privacy ehf to provide all registration information to Whaleco submitting by the registrants of the Infringing Domain Names;

h. An Order requiring Defendants to transfer to Whaleco the Infringing Domain Names and all other domain names Defendants own or controls that make unlawful use the TEMU Marks;

i. An Order requiring Defendants to pay Whaleco all its litigation expenses, including reasonable attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1117 and other applicable laws;

j. All other relief as the Court may deem appropriate.

DATED this 14th day of December, 2023.

            SNELL & WILMER L.L.P.

By: *s/ Emily R. Parker*
David G. Barker
Emily R. Parker
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556

WHITE & CASE L.L.P.

Anna Naydonov (*pro hac vice* forthcoming)
701 Thirteenth Street Northwest
Washington, D.C. 20005-3807

David Okano (*pro hac vice* forthcoming)
2 Palo Alto Square,
Suite 900
3000 El Camino Real
Palo Alto, California 94306-2109

Nathan Swire (*pro hace vice* forthcoming)
1121 Avenue of the Americas
New York, New York 10020